**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FOUNDATION FOR** | : | |
| **ELDERCARE** *et al.*, | : | |
| *Plaintiffs* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **No. 20-2190** |
| **ROCCO J. CRESCENZO,** | : | |
| *Defendant* | : | |

**MEMORANDUM**

PRATTER, J.                                                                                      FEBRUARY 25, 2021

Foundation for Eldercare ("the Foundation") and John G. Berg, the Foundation's Executive Director and a trustee, brought this action against Rocco J. Crescenzo, a former board member. Plaintiffs allege six different causes of action and argue that Mr. Crescenzo's actions caused the Foundation damages due to a loan default, unpaid taxes, and other adverse financial obligations. Mr. Crescenzo moves to dismiss two of these causes of action. For the reasons that follow, the Court grants the motion to dismiss those two.

**BACKGROUND**

The Foundation is a non-profit corporation and, as stated above, Mr. Berg is its Executive Director and a trustee. Doc. No. 1 (Compl.) ¶¶ 1, 4. Mr. Crescenzo served as Chairman of the Foundation's Board of Trustees. *Id.* ¶ 4. In July 2016, the Foundation entered into a loan agreement with Peoples Bank of York which Mr. Crescenzo personally guaranteed. *Id.* ¶ 5. The Foundation also leased undeveloped property to Mr. Crescenzo. *Id.* ¶ 7. Plaintiffs allege that Mr. Crescenzo failed to pay approximately $400,000 in property taxes on that real estate, causing the loan to go into default. *Id.* ¶ 12.

Mr. Crescenzo was dismissed as a trustee and as Chairman of the Board. *Id.* ¶ 15. A few months later, in September 2019, he filed suit in state court against the Foundation seeking

Mr. Berg's removal as Executive Director as well as a judicial declaration that the vote discharging him from the Board and as Chairman was ineffective. *Id.* ¶ 16. Shortly after giving a deposition, he terminated his litigation against the Foundation. *Id.* ¶ 18.

Mr. Berg then allegedly asked Mr. Crescenzo to either pay the property taxes or loan the Foundation the necessary funds for it to pay the taxes. *Id.* ¶ 37. Mr. Crescenzo refused. Mr. Berg alleges that, instead, Mr. Crescenzo agreed to lend Mr. Berg $180,000 personally, which Mr. Berg planned to use to pay the taxes owed by the Foundation. *Id.* ¶ 38. Mr. Berg drafted a promissory note, listing Mr. Berg's house as security for the $180,000 loan, and recorded it in Delaware County on October 18, 2019. *Id.* ¶¶ 41-42. Mr. Berg then asked Mr. Crescenzo to fund the agreement, but Mr. Crescenzo refused.[1] *Id.* ¶ 43.

Plaintiffs filed the instant action against Mr. Crescenzo alleging Breach of Lease Agreement (Count I), Malicious Prosecution under 42 Pa. C.S.A. § 8351 (Count II), Breach of Fiduciary Duty to Protect Foundation's Assets (Count III), Breach of Fiduciary Duty and Demand for Mandatory Injunction (Count IV), Fraud (Count V), and Breach of Fiduciary Duty as General Partner of Montgomery-Cecil Limited Partnership (Count VI).

Mr. Crescenzo has moved to dismiss the Foundation's claim for malicious prosecution (Count II) and Mr. Berg's claim for fraud (Count V). (Doc. No. 12.) The motion leaves intact the other counts.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[1]     While there are other facts and corresponding claims alleged in the complaint, because they are not being challenged in this motion to dismiss, the Court will not summarize them here.

will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

"The Third Circuit instructs the reviewing court to conduct a two-part analysis. First, any legal conclusions are separated from the well-pleaded factual allegations and disregarded. Second, the court determines whether the facts alleged establish a plausible claim for relief." *Satterfield v. Gov't Ins. Employees Co.*, No. 20-cv-1400, 2020 WL 7229763, at *1 (E.D. Pa. Dec. 8, 2020) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)). A plaintiff fails to demonstrate an entitlement to relief where the facts only allow the court to infer "the mere possibility of misconduct." *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 9(b) requires that a party must state with particularity the circumstances constituting fraud or mistake, while malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "To satisfy the Rule 9(b) pleading requirements, a complaint may either describe 'the circumstances of the alleged fraud with precise allegations of date, time, or place' or may use 'some [other] means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 880 (E.D. Pa. 2012) (alterations in original) (quoting *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 172 n.10 (3d Cir. 2002)).

**DISCUSSION**

Mr. Crescenzo asks the Court to dismiss the claims for malicious prosecution (Count II) and fraud (Count V) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

As to malicious prosecution, Mr. Crescenzo argues that the Foundation has failed to allege any facts showing that he initiated the earlier state court litigation without probable cause and for an improper purpose.  As to fraud, Mr. Crescenzo argues that Mr. Berg has failed to allege any facts showing that he falsely made a misrepresentation so Mr. Berg did not satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement for alleging fraud.

## I.    Wrongful Use of Civil Proceedings

Under Pennsylvania law, a person who initiates civil proceedings against another is subject to liability to the other for the wrongful use of civil proceedings if:

> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa. Cons. Stat. § 8351.  This statute is familiarly called "the Dragonetti Act."  To prevail on a claim for the wrongful use of civil proceedings under the Dragonetti Act, a plaintiff must prove that:

> (1) The defendant has procured, initiated or continued civil proceedings against him.
> (2) The proceedings were terminated in his favor.
> (3) The defendant did not have probable cause for his action.
> (4) The primary purpose for which the proceedings were brought was not that of securing proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.
> (5) The plaintiff has suffered damages as set forth in section 8353.

42 Pa. Cons. Stat. § 8354.  The Third Circuit Court of Appeals has stated that "'[A] party seeking redress under [the] Dragonetti [Act] bears a heavy burden,' because the plaintiff need not only demonstrate either probable cause or gross negligence, but must also prove the underlying action was filed for an improper purpose." *Schmidt v. Currie*, 217 F. App'x 153, 155 (3d Cir. 2007) (alterations in original) (quoting *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 394 (3d Cir.

4

2002)); *see Bannar v. Miller*, 701 A.2d 242, 248-49 (Pa. Super. Ct. 1997) (noting examples of improper purpose include bringing a claim known to be invalid to "harass the person proceeded against" or to try to prevent someone from exercising their First Amendment rights).

Mr. Crescenzo argues that the Foundation has failed to allege facts sufficient for this Court to infer a plausible claim for the wrongful use of civil proceedings. In the complaint, the Foundation states that three months after Mr. Crescenzo was dismissed as a trustee and Chairman of the Board, he filed suit in state court seeking Mr. Berg's removal as Executive Director and a judicial declaration that the vote to dismiss Mr. Crescenzo was ineffective. Compl. ¶¶ 15-16. As a result of defending the litigation, the Foundation alleges it incurred over $16,000 in legal fees. *Id.* ¶ 20. The Foundation further alleges that Mr. Crescenzo initiated the litigation without probable cause and for a malicious purpose. *Id.* ¶ 19. In support, the Foundation contends that during his September 2019 deposition in that case, Mr. Crescenzo stated that he was not interested in being on the Board of the Foundation, that he had no familiarity with the Foundation's records, that he had not attended a board meeting in ten years as a trustee, and that he had not read any of the annual tax returns prepared by the Foundation. *Id.* ¶ 17.

Mr. Crescenzo asserts that the Foundation failed to allege facts demonstrating that he was either grossly negligent or lacked probable cause to initiate the litigation. (Doc. No. 12-1 at 9.) Specifically, he argues that the Foundation does not allege any facts that he should have known that his lawsuit was not viable. (Doc. No. 12-1 at 9.) Furthermore, Mr. Crescenzo contends that the Foundation failed to allege facts showing that he acted with an improper purpose. Thus, he argues that in the absence of facts the complaint would require the Court to infer the mere

5

possibility that he initiated the earlier litigation for a reason other than to remove Mr. Berg and to secure a declaration that Mr. Crescenzo's discharge was ineffective.[2] (Doc. No. 12-1 at 9-10.)

Accepting the Foundation's allegations as true, the Court still cannot reasonably infer that Mr. Crescenzo's state court litigation was a wrongful use of civil proceedings. As noted above, a plaintiff has a heavy burden in ever proving wrongful use of civil proceedings. However, at this stage when looking at the complaint, the Foundation has not demonstrated a right to relief above the speculative level.

Mr. Crescenzo initiated civil proceedings against the Foundation in state court in September 2019. Then he withdrew the litigation shortly after being deposed. The parties dispute whether Mr. Crescenzo had probable cause to initiate his lawsuit in the first instance. Probable cause exists where a person who takes part in the initiation of civil proceedings against another "reasonably believes that under those facts the claim may be valid under the existing or developing law."[3] 42 Pa. Cons. Stat. § 8352. The Foundation claims that Mr. Crescenzo lacked probable cause to file his lawsuit because he testified soon thereafter during his deposition that he had no interest in being on the Board and had not participated in a Board meeting in ten years—thus, presumably, the Plaintiffs' argument is that he had no basis for believing his removal was somehow improper. Compl. ¶ 7; Doc. No. 16-1 at 8. While not explicitly stated in the complaint, a reasonable inference could be drawn that Mr. Crescenzo did not have probable cause to seek to remove Mr. Berg or challenge the vote that removed Mr. Crescenzo because he had not meaningfully participated in anything related to the Foundation for quite some time. Taking the

---

[2]     Mr. Crescenzo does not argue that the underlying proceedings were not terminated in favor of the Foundation. This aligns with the fact that Mr. Crescenzo withdrew the litigation shortly after his deposition.

[3]     Probable cause can also exist in other situations, such as reliance on advice of counsel or if a claim is being brought against the attorney of record who in good faith believed that the civil proceedings were not intended to merely harass. *See* 42 Pa. Cons. Stat. §§ 8352(2)-(3).

factual allegations as true, as is required at this stage, Mr. Crescenzo was not competent or interested in being on the Board, thus arguably calling into question the bona fides of his suit to regain his position on the Board and to remove Mr. Berg.

However, in addition to pleading facts sufficient to establish that Mr. Crescenzo acted in a grossly negligent manner or without probable cause when he initiated the state court litigation, the Foundation must also plead facts demonstrating that he acted with an improper purpose. This is where Plaintiffs run into a Rule 9(b) and Dragonetti Act obstacle. The complaint merely states that Mr. Crescenzo filed his lawsuit "primarily for a malicious purpose other than that of adjudicating" his claim. Compl. ¶ 19. But aside from reciting one of the elements for a wrongful use of civil proceedings cause of action, the Foundation does not describe, even loosely, *what* this malicious purpose was. In its response to the motion to dismiss, the Foundation reiterates its argument that Mr. Crescenzo lacked probable cause to initiate the state court litigation. (Doc. No. 16-1 at 7.) However, throwing down the "lacks probable cause" gauntlet is not enough. And, like the complaint, the Foundation's response does not identify what Mr. Crescenzo's alleged improper purpose was in suing the Foundation. As a result, the Court can only guess as to what this alleged malicious purpose was. More is required at this stage.

When, as here, "a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). While the Foundation did not request leave

to amend in its opposition to Mr. Crescenzo's motion, the opportunity to amend will still be provided in the absence of confidence that any such new effort would be futile. *Id.*

For these reasons, the Court will dismiss Count II of the complaint without prejudice.

## II.    Fraud

Mr. Berg alleges fraud. This count is comprised of four one-sentence paragraphs, the first of which incorporates by reference the prior four counts of the complaint. Mr. Berg alleges that Mr. Crescenzo made a material misrepresentation when he falsely promised to loan Mr. Berg $180,000 in return for a note and mortgage on Mr. Berg's personal residence. Compl. ¶ 51. Mr. Berg further contends that Mr. Crescenzo made this representation knowing that Mr. Berg would rely on it, which he did, and that Mr. Crescenzo actually then proceeded to refuse to fund the loan. *Id.* ¶¶ 52-53.

Mr. Crescenzo moves to dismiss the fraud claim because, he argues, the complaint "fails to include an exact or even approximate date that this alleged promise was made, and fails to describe the mode of this alleged agreement." (Doc. No. 12-1 at 6.) Mr. Crescenzo highlights that Mr. Berg alleged in the complaint that Mr. Crescenzo made "continuous and repeated confirmations of the arrangement" but that Mr. Berg failed to include any specifics with alleged dates or modes of confirming communications. Compl. ¶¶ 41, 45; Doc. No. 12-1 at 6.

To prove fraud under Pennsylvania law, a plaintiff must show: "1) a misrepresentation, 2) material to the transaction, 3) made falsely, 4) with the intent of misleading another to rely on it, 5) justifiable reliance resulted, and 6) injury was proximately caused by the reliance." *Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005). Furthermore, besides the Rule 12(b)(6) plausibility requirement, a plaintiff must plead with particularity the circumstances alleging fraud, as required by Rule 9(b), so that the defendant is on notice of the

"precise misconduct" that is being alleged. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

The sole factual allegation in the complaint under Count V is that Mr. Crescenzo falsely promised that he would loan Mr. Berg $180,000 in return for a note and mortgage on Mr. Berg's personal residence.  Compl. ¶ 51.  Mr. Crescenzo asserts that Mr. Berg alleges no facts that Mr. Crescenzo agreed to lend this money for the purpose of contributing to the Foundation. (Doc. No. 12-1 at 11.)  Even if Mr. Berg did assert a plausible claim for relief, Mr. Crescenzo contends that Mr. Berg failed to state with particularity any information to put Mr. Crescenzo on notice as to what Mr. Berg really was alleging.

Mr. Berg acknowledges that when alleging fraud a plaintiff "must specify who, what, where, when, and how." (Doc. No. 16-1 at 8.)  Mr. Berg argues that he has done this because the complaint alleges that Mr. Crescenzo, through several conversations, orally agreed to lend Mr. Berg a certain amount of money to pay the Foundation's delinquent property taxes. (Doc. No. 16-1 at 9.)  As to misrepresentation, apparently hoping to invoke the idea of *crimen falsi* which has greater familiarity in criminal law, Mr. Berg argues that Mr. Crescenzo previously misrepresented other matters under oath in the past, and that gives rise to a reasonable inference that Mr. Crescenzo misrepresented to Mr. Berg that he would loan Mr. Berg the money. (Doc. No. 16-1 at 9.)

Despite Mr. Berg's acknowledgement that a plaintiff must include specific information when alleging fraud, the complaint fails to do so.  To start, Mr. Berg's fraud claim seemingly has only one brief conclusory paragraph that arguably alleges any facts—namely, that Mr. Crescenzo "committed a material misrepresentation of a presently existing fact with knowledge of its falsity when he falsely promised he would loan Berg the sum of $180,000 in return for a note and

9

mortgage on Berg's personal residence." Compl. ¶ 51. A complaint alleging fraud fails to state a claim with particularity if it does not include "essential factual background . . . that is the who, what, when, where and how of the events at issue." *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017) (quoting *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016)). Indeed, to satisfy the heightened Rule 9(b) standard, a "plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200.

Here, even if Mr. Berg has raised a plausible allegation of fraud under Rule 12(b)(6), which the complaint just barely might, he has not pled his fraud claim with particularity. Even when relying on facts pled earlier in the complaint, Mr. Berg does not meet Rule 9(b)'s heightened pleading requirements. In the response to the motion to dismiss, Mr. Berg cites to various sections of the complaint as support for his fraud claim, but none of them include the specific information the Third Circuit Court of Appeals requires for particularity. Doc. No. 16-1 at 9; *see* Compl. ¶¶ 38-43, 44, 51-52.

At most, the complaint provides the who and the what of the alleged fraud, namely that Mr. Crescenzo promised to loan $180,000 to Mr. Berg. However, Mr. Berg fails to explain the where, when, and how. The complaint alleges that Mr. Crescenzo "finally agreed to lend Berg $180,000 personally" and that he made "continuous and repeated confirmations of the arrangement," but then provides no specifics of when, where or how this occurred. Compl. ¶¶ 38, 41. The only date listed in the complaint is October 18, 2019—the date Mr. Berg allegedly recorded the mortgage for $180,000. *Id.* ¶ 42. The complaint then states that Mr. Berg asked Mr. Crescenzo to fund their agreement "[w]ithin one hour" of Mr. Berg recording the mortgage on his residence. *Id.* ¶ 43. While the complaint does refer to emails and personal conversations,

it fails to identify when these took place. *Id.* ¶ 37. No copies of any alleged correspondence are attached to the complaint. Similarly, the complaint alleges Mr. Berg "attempted to communicate with [Mr.] Crescenzo" but no further information is given. *Id.* ¶ 45. Lastly, the only support for the allegation regarding Mr. Crescenzo falsely making a material misrepresentation appears to be that because, according to Mr. Berg, Mr. Crescenzo had allegedly made erroneous statements under oath in the past, this is supposed to suffice as a reasonable inference that Mr. Crescenzo falsely made a misrepresentation to Mr. Berg. *Id.* ¶ 44. This Court is not prepared to accept that facile approach to pleading such an important matter.

For the foregoing reasons, the Court will dismiss Mr. Berg's fraud claim (Count V) without prejudice. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997) ("Ordinarily, complaints dismissed under Rule 9(b) are dismissed with leave to amend.").

## CONCLUSION

For the reasons set forth in this Memorandum, the Court grants Mr. Crescenzo's motion to dismiss. An appropriate order follows.

BY THE COURT:

GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE